IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANDRE HEYWARD, Individually, and ROGER A. KIRSCHENBAUM, as Administrator of the Estate of MICHELLE KAMIKA CHINNIS, deceased,<br><br>  Plaintiffs,<br><br>v.<br><br>ABCO TRANSPORTATION, INC., AMERICAN TRANSPORTATION SERVICES, LLC, R & L TRANSFER, INC., R & L CARRIERS SHARED SERVICES, INC., ROBERT SANSOM, and PROTECTIVE INSURANCE COMPANY,<br><br>  Defendants. | CIVIL ACTION FILE<br>NO. _____ |

**NOTICE OF REMOVAL**

COME NOW ABCO Transportation, Inc., American Transportation Services, LLC, R & L Transfer, Inc., R & L Carriers Shared Services, Inc. [*sic*], Robert Sansom, and Protective Insurance Company, Defendants in the above captioned matter, and file their Notice of Removal by showing the Court as follows:

1.

A civil action was filed by the above-named Plaintiffs in the State Court of Fulton County, Georgia, naming as the defendants ABCO Transportation, Inc.,

1

American Transportation Services, LLC, R&L Transfer, Inc., R&L Carriers Shared Services, Inc. [*sic*], Robert Sansom, and Protective Insurance Company, being Civil Action File Number 13-EV-018271-H.  The Complaint, all process, and orders served upon such Defendants in such action are attached collectively hereto as Exhibit "1."

2.

At the time of the filing of the Complaint and at the time this notice was filed, Plaintiff Andre Heyward was a citizen of the State of Georgia.

3.

At the time of her death, Michelle Kamika Chinnis was a citizen of the State of Georgia. Roger A. Kirschenbaum, as the legal representative of Ms. Chinnis' estate, is deemed to be a citizen of the State of Georgia.

4.

At the time of the filing of the Complaint and at the time this notice was filed, Defendant ABCO Transportation, Inc. was a corporation incorporated under the laws of the State of Nevada with its principal place of business located in Florida.

5.

At the time of the filing of the Complaint and at the time this notice was filed, Defendant American Transportation Services, LLC was a limited liability company organized under the laws of the State of Florida with its principal place of business located therein.  American Transportation Services, LLC's members are Ralph L. Roberts, Sr., Trustee of the Ralph L. Roberts Trust dated February, 4, 1994, Mary D. Roberts, Trustee of the Mary D. Roberts Trust dated February, 4, 1994, Roby L. Roberts, Michelle Carpenter, Ralph L. Roberts, Sr., Trustee of the June 11, 2002 Ralph L. Roberts Family Trust, and Mary D. Roberts, Trustee of the June 11, 2002 Mary D. Roberts Family Trust. At the time of the filing of the Complaint and at the time this notice was filed, Ralph L. Roberts, Sr., Mary D. Roberts, Roby L. Roberts, and Michelle Carpenter were citizens of the State of Florida.

6.

At the time of the filing of the Complaint and at the time this notice was filed, Defendant R & L Transfer, Inc. was a corporation incorporated under the laws of the State of Ohio with its principal place of business located therein.

7.

In the caption, Plaintiffs incorrectly identified R & L Carriers Shared Services as a corporation when in fact it is a limited liability company. At the time of the filing of the Complaint and at the time this notice was filed, Defendant R & L Carriers Shared Services, L.L.C. was a limited liability company organized under the laws of the State of Ohio with its principal place of business located therein. R & L Carriers Shared Services, L.L.C.'s members are R & L Carriers, Inc., R & L Transfer, Inc., Gator Freightways, Inc., Greenwood Motor Lines, Inc., Paramount Transportation Systems, Inc., and R.L.R. Investments, L.L.C.

At the time of the filing of the Complaint and at the time this notice was filed, R & L Carriers, Inc. was a corporation incorporated under the laws of the State of Ohio with its principal place of business located therein.

At the time of the filing of the Complaint and at the time this notice was filed, R & L Transfer, Inc. was a corporation incorporated under the laws of the State of Ohio with its principal place of business located therein.

At the time of the filing of the Complaint and at the time this notice was filed, Greenwood Motor Lines, Inc. was a corporation incorporated under the laws of the State of South Carolina with its principal place of business located in Ohio.

At the time of the filing of the Complaint and at the time this notice was filed, Gator Freightways, Inc. was a corporation incorporated under the laws of the State of Florida with its principal place of business located in Ohio.

At the time of the filing of the Complaint and at the time this notice was filed, Paramount Transportation Systems, Inc. was a corporation incorporated under the laws of the State of Ohio with its principal place of business located therein.

At the time of the filing of the Complaint and at the time this notice was filed, R.L.R. Investments, L.L.C. was a limited liability company organized under the laws of the State of Ohio with its principal place of business located therein. R.L.R. Investments, L.L.C. 's members are Ralph L. Roberts, Sr., Mary D. Roberts, Ralph L. Roberts, II, Roby L. Roberts, and Michelle Carpenter. At the time of the filing of the Complaint and at the time this notice was filed, they were citizens of the State of Florida.

8.

At the time of the filing of the Complaint and at the time this notice was filed, Defendant Robert Sansom was a citizen of the State of Colorado.

9.

At the time of the filing of the Complaint and at the time this notice was filed, Defendant Protective Insurance Company was a corporation incorporated under the laws of the State of Indiana with its principal place of business located therein.

10.

In the Complaint, Plaintiffs allege that following the motor vehicle accident at issue in the above-styled suit, Plaintiffs' decedent sustained catastrophic injuries, conscious pain and suffering, and ultimately died. Therefore, based on the allegations in the Complaint, Defendants reasonably believe the amount in controversy more likely than not exceeds the sum of $75,000, exclusive of interest and costs.

11.

The foregoing action is properly removable to this Court pursuant to 28 U.S.C. § 1441(a), 28 U.S.C. §§ 1446(a) and (b) and, in accordance with 28 U.S.C. § 1332(a), there being diversity of citizenship between Plaintiffs and the properly joined Defendants, and the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

12.

All Defendants, who are represented by the undersigned counsel, join in removal of this action to this Court.

13.

Now, within thirty days after the receipt by Defendants of a copy of the initial pleading setting forth the claim for relief upon which Plaintiffs' action is based, notice is hereby given, in accordance with 28 U.S.C. § 1446 and pursuant to Rule 11 of the Federal Rules of Civil Procedure, of the removal of said action to this Court.

BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ, PC

/s/ L. Clint Crosby
L. CLINT CROSBY
Georgia Bar No. 197877
MICHAEL W. HORST
Georgia State Bar No. 367837
Attorneys for Defendants

Monarch Plaza, Suite 1600
3414 Peachtree Road NE
Atlanta, GA 30326
Telephone: (404) 577-6000
Facsimile: (404) 221-6501

7

## CERTIFICATE OF SERVICE

I do hereby certify that on November 4, 2013 I served a copy of the NOTICE OF REMOVAL by depositing a copy of same in the U.S. Mail with adequate postage thereon addressed as follows:

>Peter A. Law, Esq.
>E. Michael Moran, Esq.
>Law & Moran
>563 Spring Street, NW
>Atlanta, GA 30308

>>BAKER, DONELSON, BEARMAN
>>CALDWELL & BERKOWITZ, PC

>>*/s/ L. Clint Crosby*
>>L. CLINT CROSBY
>>Georgia Bar No. 197877